(No. 5851.  May 27, 1932.)

LEVINA M. ORR and C. J. SCHOOLER, Guardians of the Estate of ALBERT HOWARD ORR and MARION ELLA ORR, Respondents, v. BOISE COLD STORAGE COMPANY, a Corporation, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[12 Pac. (2d) 270.]

J. R. Smead, for Appellants.

Oppenheim & Lampert and C. J. Schooler, for Respondents.

BUDGE, J.—The Boise Cold Storage Company is a corporation engaged in the manufacture, storage and sale of ice, and in maintaining a commercial cold storage warehouse. Shortly prior to September 3, 1919, in a room in its main ice storage plant where artificial ice was stored and stacked in piles, one of the piles slipped against the outside wall of the building and as a result caused the wall

to bulge outwards at the top and to separate from the ceiling, leaving an opening. B. Frank Orr, a carpenter by occupation, and a helper were employed at a fixed daily wage by the Boise Cold Storage Company to put the wall back into place. This was done by placing stringers on the outside of the building, running truss rods through the room, and by the use of turn-buckles on the truss rods drawing the wall back into place. In the late afternoon of September 3, 1919, the helper was descending from a scaffold, between 20 and 25 feet high, erected inside the building to facilitate the work. In doing so, a carpenter's claw-hammer, somewhat heavier than the ordinary hammer, which he carried in a loop for that purpose in the overalls he was wearing, caught on a projection, became dislodged and fell, striking Orr, who was standing directly below, on the head and knocking him down. Orr returned to work the following morning and continued to work until the job was completed (the job requiring approximately ten days altogether), and thereafter worked intermittently on other jobs until about July 18, 1920, after which time he was unable to work and became and remained bedfast until his death on October 22, 1920. It is believed that the record sufficiently shows that the injury received by Orr on September 3, 1919, was the cause of his death. Other facts are disclosed by the record which are not deemed necessary to be recited if the conclusion reached on the one question here involved is correct.

Orr left surviving him his wife and three children, then minors. No claim for compensation was made until April 17, 1931, when claimants, both then minors, by respondents as their guardians, duly appointed April 15, 1931, filed a claim for compensation. The third child prior to that date had attained her majority. Appellants filed their answer containing, among others, the following defense: That Orr's employment was casual and therefore exempted from the Workmen's Compensation Act under the provisions of C. S., sec. 6216.

After hearing, the Industrial Accident Board made its findings of fact, conclusions of law, and entered its order de-

nying compensation for the first 400 weeks immediately following Orr's death but awarding compensation thereafter up to the majority of each of the claimants. From such order appellants and respondents appealed to the district court. The district court, after hearing, made and filed its findings of fact (adopting those of the Industrial Accident Board), conclusions of law and entered judgment modifying the order of the Industrial Accident Board to provide for payment of compensation from October 22, 1920, until each claimant respectively attained his or her majority, from which judgment this appeal is taken.

It will only be necessary to consider one question raised by the assignments of error, namely: Whether or not the employment in question was "casual employment" within the meaning of C. S., sec. 6216.

C. S., sec. 6216, provides that:

"None of the provisions of this chapter shall apply to: . . . .

"3. Casual employment. . . . . "

In *Flynn v. Carson*, 42 Ida. 141, 243 Pac. 818, 820, this court construed this section and held that it had reference to the employment and not to the person employed, saying:

"The exclusion is of the 'casual employment,' not necessarily the casual 'employee'; not those 'persons' but those 'employments' are necessarily excluded which are 'casual.' C. S., secs. 6213, 6216, 6217, 6221 and 6225, may be paraphrased thus: If a workman receives personal injury by accident arising out of and in the course of any employment in a trade or occupation which is carried on by the employer for the sake of pecuniary gain, and such employment is not casual employment, his employer or the surety shall pay compensation. C. S., sec. 6216, does not exclude persons, but employments."

In other words, if we correctly construe the language of the above opinion, where the employment is regular it is compensable, but where it is casual, regardless of whether within or without the course of the business, trade or occupation carried on by the employer, it is not compensable. The statutes of a number of states require the employment to be

both casual and within the scope of the employer's business, trade or occupation before it is excluded from the operation of the workmen's compensation laws, but our statute simply excludes "casual employment" without further qualification. By reason of the divergence in the authorities, due to varying statutory language, which as far as we have been able to ascertain, is in no case the same as the Idaho statute quoted above, and in a few states only somewhat similar in purport, such authorities are not helpful but rather tend to confuse. In view thereof, we feel constrained to follow the authorities adopted and rule announced in *Flynn v. Carson, supra,* where the court fixed the following basis for determining whether or not an employment was casual, as follows:

"Tested by the necessary rules of construction, the employment in this case was not merely incidental nor occasional, without regularity or for a limited and temporary purpose, but was a regular, recurring employment each Saturday night, which was customary and to be anticipated with such regularity, and with its hazard a part of the overhead of the industry even though the individuals who might perform the work were not steadily engaged for the purpose."

Applying such test to the fact of the instant case, the employment of Orr by the Boise Cold Storage Company was merely incidental and occasional, without regularity and for a limited and temporary purpose and was not a regular recurring employment which was customary and to be anticipated with regularity.

Such being true, and adhering to the decision in *Flynn v. Carson, supra,* it seems that we must hold that the employment here was casual and falls within the exception provided for in C. S., sec. 6216, no recovery can be had, and the judgment must be reversed.

Judgment reversed. No costs awarded.

Givens, Varian and Leeper, JJ., concur.

Sutton, D. J., dissents.

Petition for rehearing denied.