(No. 5880.   December 2, 1932.)

CONRAD A. VAN BLARICOM, Respondent, v. EXPORT LUMBER COMPANY, Employer, and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Surety, Appellants.

[16 Pac. (2d) 990.]

Randall & Danskin and Robert H. Elder, for Appellants.

J. Ward Arney, for Respondent,

Ralph S. Nelson, *Amicus Curiae.*

GIVENS, J.—Respondent was injured in the course of his employment, January 4, 1927, necessitating the amputation of his left leg about one and one-half inches below the knee. He was discharged by physicians as surgically healed, December 20, 1927.

February 10, 1928, respondent and appellant entered into a compensation agreement, later approved by the Industrial Accident Board, March 2, 1928.

July 1, 1931, respondent filed an application for additional surgical treatment and compensation during the time he would be incapacitated by reason of such additional treatment, such additional treatment being requested because the stump of the leg became so sore and tender that respondent could scarcely wear and use his artificial limb, such condition evidently arising because there was not sufficient tissue below the stub to properly act as a cushion between the bone and the artificial limb.

A hearing resulted in no decision, and October 30, 1931, respondent filed a new application claiming a change in physical condition authorizing a modification of the original award.

Appellants raised the statute of limitations, C. S., sec. 6269, as amended sec. 6, chap. 222, Sess. Laws 1931, and that respondent plead neither fraud, mistake nor any agreement different than the written one referred to above.

There was no change of condition; hence if relief is to be afforded respondent, it must be on some other basis.

While the Workmen's Compensation Law is to be liberally construed to further its beneficent purposes, and proceedings thereunder are not to be governed by the strict court procedure (*In re Bones* (on rehearing), 48 Ida. 85, 94, 280 Pac. 223, 226; *McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 786; 203 Pac. 1068; *Ramsay v. Sullivan Min. Co.*, 51 Ida. 366, 6 Pac. (2d) 856), under the rule announced in *Rodius v. Coeur d'Alene Mill Co.*, 46 Ida. 692, 271 Pac. 1, to vacate an agreement made, and establish a different one, or change or modify it on the ground of fraud or mis-

take, which respondent made some attempt to do, an application must be filed setting forth the facts on which the vacation, novation, modification or correction is sought, and there must be evidence to sustain such allegations. (*In re Stone*, 66 Ind. App. 38, 117 N. E. 669; *Aetna Life Ins. Co. v. Shiveley*, 75 Ind. App. 620, 121 N. E. 50; *Frederickson v. Burns Lumber Co.*, 175 Minn. 539, 221 N. W. 910.)

The judgment of the district court is therefore reversed and the cause remanded, with instructions to direct the Industrial Accident Board to permit such amendments to the pleadings as the parties desire, and hold thereon a rehearing. (*In re Bones, supra.*) No costs allowed.

Lee, C. J., and Budge, Varian and Leeper, JJ., concur.