(No. 5946.   April 4, 1933.)

SOPHIE GLOUBITZ, Respondent, v. SMEED BROTHERS, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[21 Pac. (2d) 78.]

Leslie J. Aker, for Appellants.

Carl A. Burke, for Respondent.

MORGAN, J.—This is an appeal from a judgment of the district court approving and sustaining an award by the Industrial Accident Board granting compensation to respondent because of the death of her son, upon whom she claims to have been dependent for support.

Deceased, in the performance of a duty he owed appellant, Smeed Brothers, his employer, i. e., while driving a band of horses to be delivered to the party who had purchased them from the employer, met with an accident which resulted in his death and which arose out of and in the course of his employment.

The only question presented by the application for a hearing before the board and the answer thereto was as to the dependency of respondent upon deceased for support. It was alleged in the application that she was wholly de-

pendent upon him and, answering that allegation, appellant said:

" . . . . these defendants have recognized that the death of said Paul Gloubitz was compensable, and they accepted liability and paid the statutorial amount of $200.00 for funeral expenses and also expenses for the last sickness of the deceased. Defendants further allege that the said deceased was a young man about 19 years of age, and unmarried, and that he had no dependents. That the said claimant was not wholly or partially dependent upon the deceased for her support. That these defendants have paid everything that is required of them by law to be paid due to the injury and death of the said Paul Gloubitz."

Since the application for hearing and answer were filed, appellants have made additional contentions that deceased was engaged in an agricultural pursuit and that his employment was casual within the meaning of Idaho Code Annotated, sec. 43-904, subds. 1 and 3, and that his employer had not elected that the provisions of the Workmen's Compensation Law should apply to his employment. The statute on which that contention is based is as follows:

"None of the provisions of this act shall apply to:

"1. Agricultural pursuits. Agricultural pursuits, as used herein, shall include the caretaking and handling of livestock on enclosed lands and public ranges. . . . .

"3. Casual employment; . . . .

"Unless prior to the accident for which the claim is made, the employer had elected in writing filed with the board, that the provisions of the act shall apply."

The employer carried workmen's compensation insurance with appellant, State Insurance Fund, but had not filed with the board an election that the provisions of the act should apply to it and its employees.

At the time of the death of her son respondent was about 55 years old, was without property, and her health was such she could not do heavy work, nor was she able to find employment of any kind at which she could earn wages. She was a married woman and her husband had

been out of employment for a considerable time prior to the son's death, and was dependent upon and living with his married daughter in Seattle. Due to the poverty of the husband and wife, it was necessary for respondent to and for about two years prior to and at the time of the accident which resulted in her son's death, she lived with him and his brother on a 20-acre farm which the brother rented. The income from the farm, in addition to food for their use produced thereon, during the two years she resided with her sons, was barely sufficient to pay the rent and keep up the equipment. Deceased worked for wages and turned over to his mother about $300 a year, which she used for her support and in paying household expenses. She was dependent upon deceased within the meaning of Idaho Code Annotated, sec. 43–1102, which provides:

"The following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of this act: . . . .

"A parent or grandparent only if actually dependent, wholly or partially, upon the deceased. . . . .

"The relation or dependency must exist at the time of the accident."

In the application for hearing before the board respondent alleged that appellant, Smeed Brothers, employer of deceased, was, at the time of the accident, engaged in feeding and raising livestock. At the hearing the allegation was amended, over objection of appellants, by striking therefrom the words "feeding and raising livestock," and by inserting, as the business of said employer, "operating a sales stable, stock yard, and alfalfa mill, and in the general buying and selling of cattle."

The only testimony offered with respect to the business or occupation of appellant, Smeed Brothers, or the employment of deceased at the time of the accident which resulted in his death, was that of Warren Bruce, who testified he and deceased, at the time of the accident, were taking a band of horses, for Smeed Brothers, to deliver them to a man named Wright, who had bought them; that, at the time, their em-

ployer had stockyards at Caldwell, and the principal business of said firm was buying and selling all kinds of livestock; that it owned and operated an alfalfa mill and had agents out buying cattle from different parties, bringing them into the stockyards and shipping them off on the railroad. There is no evidence the employer was engaged in the business of caretaking or handling livestock on inclosed lands or public ranges, nor in any agricultural pursuit so as to require an election as provided for in sec. 43–904, heretofore quoted, nor does it appear the employment was casual within the meaning of that section. (*Flynn v. Carson,* 42 Ida. 141, 243 Pac. 818; *Orr v. Boise Cold Storage Co.,* 52 Ida. 151, 12 Pac. (2d) 270.)

The judgment appealed from is affirmed.

Givens, Holden and Wernette, JJ., and Sutphen, D. J., concur.