(No. 6467.    October 15, 1937.)

SHERRILL DILLARD, Claimant, Respondent, v. H. A. JONES, Appellant.

[72 Pac. (2d) 705.]

274

J. H. Andersen, for Appellant.

Merrill & Merrill, for Respondent.

GIVENS, J.—Appellant is a real estate broker and fire insurance agent. He purchased a building for resale having at that time a prospective customer therefor. Before title was perfected the customer withdrew his offer to purchase and in order to sell or rent the property appellant was compelled to improve its condition and remodel it. In connection with this work he employed among others, respondent on December 26th, 1935, who began work by taking out some ceiling joists and laths. On the 27th, while shingling on the roof, he slipped and slid off breaking his leg, resulting in a permanent injury. Notice and claim for compensation were given which were resisted by appellant on the ground the employment was casual and not in his trade or occupation carried on for the sake of pecuniary gain. The Board awarded compensation which the district court on appeal sustained which is the judgment for review here, on the same contentions.

The evidence is undisputed that prior to the time of this accident respondent had worked about a month for appellant in the remodeling of appellant's own home and though respondent at the time of the instant accident was only in his second day of employment on the particular house, while he was in the hospital appellant told respondent "to hurry up and get well and he would put me back to work again as soon as I was able," and the remodeling of the house continued for about six months although respondent was unable to return to work.

Appellant contends these facts show the employment was casual and that it was not appellant's business to build or remodel houses. The facts in the cases cited by appellant in support of his position while somewhat similar do not under statutes similar to ours, involve the precise situation here, namely where a real estate broker when he had remodeling to do, of property which he occupied himself or had for resale or rent, did it himself on force account, and where there was this additional fact that appellant herein himself testified with regard to this feature of the case as follows:

"Q. The rooms were repaired for rental purposes and they have been rented since?

"A. Part of the time.

"Q. And a revenue derived from them?

"A. .·. . .

"Q. You have derived rental therefrom since the rooms were remodeled in your home?

"A. Part of the time, yes.

"Q. You acquired the house on Shilling Avenue as a real estate broker?

"A. Yes.

"Q. You bought it to resell?

"A. Yes.

"Q. Put some of your money in it?

"A. Yes.

"Q. You intended at that time to resell it and then the deal fell through?

"A. Yes.

"Q. That acquisition of yours and that acquirement of it was in your real estate business?

"A. Yes.

" . . . .

"Q. And you determined to remodel it and make an apartment house out of it?

"A. Yes.

"Q. And that is what you proceeded to do?

"A. Yes.

"Q. You remodeled that house and made four apartments out of it?

"A. Yes.

"Q. And you did that for rental purposes?

"A. Or for sale, yes.

"Q. Either one?

"A. Yes.

"Q. At any rate your intentions was to either get those apartments in shape so you could rent them or sell the entire property at a profit?

"A. Yes.

"Q. That is what you were intending to do?

"A. Or get my money out of it.

"Q. You are renting those apartments now?

"A. I did sell them.

"Q. You sold the house and at a profit?

"A. No.

"Q. You sold your house and got your money out of it?

"A. I don't think I did get my money out, no.

"Q. *You finished the construction of the apartments in your business as a real estate agent and you sold the house you had acquired in your business?*

"A. *Yes.*" (Emphasis ours.)

An analysis of the cases cited by appellant discloses the following:

In *Lamont v. Intermountain Realty Co.,* 48 Wyo. 56, 41 Pac. (2d) 497, it was conceded the employment was casual. In *Lauzier v. Industrial Acc. Com.,* 43 Cal. App. 725, 185 Pac. 870, *Ford v. Industrial Acc. Com.,* 53 Cal. App. 542, 200 Pac. 667, *Pacific Employers' Ins. Co. v. Department of Industrial Relations,* 91 Cal. App. 577, 267 Pac. 880, and *Edwards v. Industrial Acc. Com.,* 129 Cal. App. 447, 18 Pac. (2d) 979, the statute defines employment for less than 10 days as casual.

In *Carsten v. Department of Labor & Industries,* 172 Wash. 51, 19 Pac. (2d) 133, wherein a divided court held repair of a chicken house by the owner casual, there was no testimony as herein that the work was done in the employer's business.

*Edwards v. Department of Labor & Industries,* 146 Wash. 266, 262 Pac. 973, was based on a statute allowing compensation only in hazardous occupations, thus not applicable as was *Thurston County Chapter, etc., v. Department of Labor & Industries,* 166 Wash. 488, 7 Pac. (2d) 577, holding the Red Cross was not extrahazardous employment under that statute and in *H. Roy Berry Co. v. Industrial Com.,* 318 Ill. 312, 149 N. E. 278, it was held that a company engaged in subdividing and selling real estate which tore down a barn on property to be subdivided did not come within the act because subdividing was not extrahazardous under the statute, and the demolishing of the building was "merely incidental, casual, and temporary in character."

In *Lackey v. Industrial Com.,* 80 Colo. 112, 249 Pac. 662, the court held a farmer who decided to go into the filling station business in building the station was not engaged in his usual trade or business.

*Miller v. Granite County Power Co.,* 66 Mont. 368, 213 Pac. 604, held that one employed to dig a well by the watchman of a hydroelectric power plant which generated and disposed of electric power was not engaged in the company's business and was therefore casual employment.

*Coleman v. Bartholomew,* 175 App. Div. 122, 161 N. Y. Supp. 560, was decided under a statute requiring the work done to be hazardous, and it held that a "farm laborer" making repairs on a dairy barn, which repairs were not for pecuniary gain, was not engaged in "hazardous employment."

*Kaplan v. Gaskill,* 108 Neb. 455, 187 N. W. 943, sustains our view that the work was not casual, but held where one whose business was selling junk and dealing in second-hand automobiles owned two or three houses which he rented, that the labor or services of repairing or remodeling them was not "regular business" or occupation within the meaning of the Workmen's Compensation Law.

In *Uphoff v. Industrial Board of Illinois,* 271 Ill. 312, 111 N. E. 128, Ann. Cas. 1917D, 1, L. R. A. 1916E, 329, it was held that the building of a corncrib for a farmer by a carpenter was not hazardous and since the farmer was not in the business of building the statute was inapplicable. The statute differs from ours.

The case of *Johnson v. Choate,* 284 Ill. 214, 119 N. E. 972, cites *Uphoff v. Industrial Board of Illinois, supra,* but held that where one maintained a large building let out and used for income and the maintaining of the building was the business or occupation of the person, and the statute declared such occupation or business to be extrahazardous then the employer came within the act. This case was not brought under the act but was trespass on the case for personal injury.

In *Millard v. Townsend,* 204 App. Div. 132, 197 N. Y. Supp. 702, a housewife, not a hazardous business, leased her farm and employed a carpenter to tear down a barn thereon, and it was held that she was not in the business of demolishing a building for pecuniary gain.

In *Vandervort v. Industrial Com.,* 203 Wis. 362, 234 N. W. 492, it was held that farmers who contracted and moved a house for another stepped aside from their business, and in-

juries received by one in their employ were not compensable under the act.

In *Holmen Creamery Assn. v. Industrial Com.*, 167 Wis. 470, 167 N. W. 808, it was held that when a company engaged in the business of conducting a creamery where a building was necessary which from time to time needed repairs hired one to make the repairs, the employment was *not* casual.

In *Western Union Tel. Co. v. Hickman*, 248 Fed. 899, 161 C. C. A. 17, the West Virginia Act defines its exception by the words "casual employment" and "persons casually employed" and the court holds this to apply not to the nature of the work performed but to the nature of the contract of employment and a lineman employed for five days by a telegraph company to repair a clock circuit was therefore a casual employee. This case was not decided under the Workmen's Compensation Act, which was used as a defense.

As correctly stated in connection with the determination of when the employment is or is not casual in 37 C. J. 346, "each case must be decided quite largely upon its special facts."

Thus we decide this case on the facts here presented and appellant's own statements as to what he did in connection with and as part of his business, beyond that we need not and do not go.

Thus the cases cited by appellant are not in point or controlling because appellant himself testified this remodeling was in connection with his business as a real estate agent and that he did it for the purpose of getting his money out of the property. It is obvious that an employer cannot escape liability for compensation on the ground that he is not engaged in a business for pecuniary gain because on some transactions he loses money. (*Modlin v. Twin Falls Canal Co.*, 49 Ida. 199, 286 Pac. 612.) The record discloses appellant made his living by being a real estate broker or agent and he says it was in connection with this business and in order to sell or rent the property that he did the remodeling. As to him therefore the employment was not casual because so far as the record shows it was a regular and customary thing for him to do. The word "casual" applies to the employment not

the employee, and the mere fact respondent was only in the second day of his employment when injured would not make the employment casual. (*Flynn v. Carson,* 42 Ida. 141, 243 Pac. 818.) It is also to be noted that appellant in making his report as employer to the Board, claimant's exhibit "3" admitted in evidence without objection, did not resist liability because the employment was casual or not for pecuniary gain, but on this ground.

"Note: This accident was caused entirely by inexperience and negligence of the injured. He claimed to have been experienced in shingling work. He constructed a three cornered box to sit on, while the established and customary method is a cleat made of a 2 inch board and fastened on with shingles. His box gave way causing his fall."

which ground is not a valid defense under our statute, I. C. A., sec. 43–902.

*Orr v. Boise Cold Storage Co.,* 52 Ida. 151, 12 Pac. (2d) 270, is clearly distinguishable from the case at bar.

Appellant makes complaint that the trial court did not make findings of fact and conclusions of law of his own but adopted those of the board. While the findings made by the board could and should have been more extensive, no prejudice is shown by reason of the fact that further findings were not made and since the evidence above, basis of the award, is undisputed the findings considered with the evidence are sufficient. (*Industrial Com. v. Big Six Coal Co.,* 72 Colo. 377, 211 Pac. 361 at 363.)

Judgment affirmed. Costs awarded to respondent.

Ailshie and Budge, JJ., concur.

MORGAN, C. J., and HOLDEN, J. (Concurring).—Appellant relies on *Orr v. Boise Cold Storage Co.,* 52 Ida. 151, 12 Pac. (2d) 270, and insists that case, in principle, cannot be distinguished from the one at bar. We believe this contention is sound, but are of the opinion the decision in *Orr v. Boise Cold Storage Co., supra,* was erroneous and should be overruled.