(No. 6839.   May 7, 1941.)

GEORGE DAWSON, Appellant, v. JOE CHESTER ARTIFICIAL LIMB COMPANY, and STATE INSURANCE FUND, Respondents.

[112 Pac. (2d) 494.]

Elam & Burke, for Appellant.

Clarence L. Hillman, for Respondents.

GIVENS, J.—The respondent, Joe Chester Artificial Limb Company, appellant's employer, is engaged in the manufacture and sale of artificial limbs and orthopedic appliances, and for such purpose rents a room approximately 26 feet wide and 40 feet long, fitted with shelves and a counter, for a place of business. Just prior to May 4, 1940, said employer engaged carpenters to change a partition in the building, and upon completion of the carpenters' work, the evening of May 4th, appellant was employed at seventy-five cents per hour to calcimine the walls and ceiling of said building. While so engaged appellant slipped and fell a distance of 12 feet from a scaffold to the floor and thus sustained a comminuted fracture of the right tibia.

The board denied appellant's claim for compensation on the ground appellant was engaged in casual employment (the only and controlling point) and his employer had not elected to come within the provisions of the workmen's compensation act. (I. C. A., sec. 43-904, subd. 3.)

The employer, as a witness for appellant, testified he was responsible for the up-keep of the interior of the

building and felt it necessary in his business to keep the interior clean and inviting and had thoroughly cleaned and re-decorated it at least three times since August 11, 1936; that he has "had it cleaned and calcimined, and I had it repainted just as it became dirty and needed it"; the last time it had been calcimined was about two years ago.

The board was justified in finding and concluding the employment was casual because it was "merely incidental and occasional, without regularity and for a limited and temporary purpose and was not a regular recurring employment which was customary and to be anticipated with regularity," hence the accident was not compensable. (*Orr. v. Boise Cold Storage Co.*, 52 Ida. 151, 155, 12 Pac. (2d) 270; *Rabideau v. Cramer*, 59 Ida. 154, 158, 81 Pac. (2d) 403; *Perroni v. Farley*, (N. J.) 182 Atl. 353; *Fedak v. Dzialdowiski*, (Pa.) 172 Atl. 187; *Quick v. E. B. Kintner & Son*, (Pa.) 172 Atl. 189; *In re Lamont*, (Wyo.) 41 Pac. (2d) 497; *Thompson v. Wagner*, (N. J.) 135 Atl. 800; *Pacific Employment Ins. Co. v. Department of Industrial Relations*, (Cal.) 267 Pac. 880; *Ostlie v. H. F. Dirks & Son*, (Minn.) 248 N. W. 283.)

Order affirmed.

Holden and Ailshie, JJ., concur.

MORGAN, J. (Concurring)—This case cannot be distinguished, in principle, from *Rabideau v. Cramer*, 59 Ida. 154, 81 Pac. (2d) 403. In that case, and in this one, the court appears to me to have denied recovery for the claimant's injuries by means of a strict construction of the workmen's compensation law instead of ruling in favor of the claimant as a result of a liberal construction thereof, in conformity to the spirit and purpose of the law. (*McNeil v. Panhandle Lumber Co.*, 34 Ida. 773, 203 Pac. 1068; *Flynn v. Carson*, 42 Ida. 141, 243 Pac. 818; *In Re Hillhouse*, 46 Ida. 730, 271 Pac. 459; *In Re Larson*, 48 Ida. 136, 279 Pac. 1087; *Reinoehl v. Hamacher Pole etc. Co.*, 51 Ida. 359, 6 Pac. (2d) 860; *Ramsay v. Sullivan Min. Co.*, 51 Ida. 366, 6 Pac. (2d) 856; *Van Blaricom v. Export Lbr. Co.*, 52 Ida. 459, 16 Pac. (2d) 990; *Cooper*

*v. Independent Transfer etc. Co.,* 52 Ida. 747, 19 Pac. (2d) 1057; *Dorrell v. Norida Land & Timber Co.,* 53 Ida. 793, 27 Pac. (2d) 960; *Kelley v. Prouty,* 54 Ida. 225, 30 Pac. (2d) 769; *Beaver v. Morrison-Knudsen Co.,* (on rehearing) 55 Ida. 291, 41 Pac. (2d) 611; *Pierstorff v. Gray's Auto Shop,* 58 Ida. 438, 74 Pac. (2d) 171.)

I dissented from the decision in *Rabideau v. Cramer,* and am concurring in this one only because it appears to conform to the settled policy of the court in cases of this kind.