(No. 6987. July 9, 1942.)

P. J. ROSS, Respondent, v. C. R. REYNOLDS, Appellant.

[127 Pac. (2d) 775.]

Paul C. Keeton and Wm. D. Keeton for appellant.

W. B. McFarland for respondent.

BUDGE, J.—Respondent and one Pindell were engaged

in painting a part of the interior and exterior of a business block, partly owned by appellant, situated in St. Maries. While so engaged, respondent was injured by accident as a result of the explosion of a can of gasoline, causing him to suffer burns about the neck, ears and hands, for which he seeks to recover compensation. A hearing was duly had before the Industrial Accident Board, whereupon the board entered an award in favor of respondent and against appellant in the sum of $522, from which order this appeal is prosecuted. It will be unnecessary to recite all of the facts and circumstances developed upon the hearing since, as we view the case, there is only one controlling point involved.

Among other findings, the board found: "That claimant's accident and injuries, as hereinbefore described, arose out of and in the course of his employment with the defendant and that such employment was not casual employment * * *." It is admitted that appellant was not insured under the Workmen's Compensation Law at the time of the accident.

The question presented is whether or not the evidence shows that the work being done by respondent at the time of the accident was casual employment within the exclusion of I.C.A., sec. 43-904, subd. 3.

Briefly stated, it appears that in the early part of the spring of 1941, one Pindell called upon appellant and asked him if he was going to have any decorating work done during the ensuing summer. Appellant informed respondent that if he would come back about a month later, there would possibly be something for him to do. Upon Pindell's return, he brought respondent with him.

The testimony shows that appellant is not a regular employer of labor, has no regular pay roll, hires no regular employees; but that the entire work about the building is done by himself and his wife, except when it is necessary to have some special work done such as painting and decorating the interior and exterior of the building as it becomes necessary from time to time, and in such circumstances appellant employed workmen for a limited time to do this special work. It is disclosed in the testimony that appellant has been part owner of the building for the past ten years, during which time the poolhall located on the first floor was painted once by a painter hired for that purpose, and that decorating jobs in the interior of the building varied

from two to five years intervening. It therefore appears that the work is but occasional, incidental, does not regularly reoccur, and the time when such work becomes necessary is not regularly anticipated.

From a careful reading of the record, and authorities hereinafter cited, we are forced to the conclusion that there is no substantial or competent evidence to support the board's finding that the work being done, at the time of the accident, by respondent was not casual employment.

The principle of law applicable to the facts of this case and decisive of the contention made here is amply sustained in the following cases. (*Flynn v. Carson*, 42 Ida. 141, 243 P. 818; *Orr v. Boise Cold Storage Company*, 52 Ida. 151, 12 P. (2d) 270; *Rabideau v. Cramer*, 59 Ida. 154, 81 P. (2d) 403; *Dawson v. Joseph Chester Artificial Limb Company*, 62 Ida. 508, 112 P. (2d) 494; *Holmen Creamery Ass'n. v. Industrial Comm.*, 167 Wisc. 470, 167 N.W. 808; *Western Union Telegraph Company v. Hickman*, 248 Fed. 899, 161 C.C.A. 17; *Holbrook v. Olympia Hotel*, 200 Mich. 597, 166 N.W. 876.)

The order of the board awarding compensation to respondent is reversed with directions to vacate said order. Costs to appellant.

Givens, C. J., and Morgan, Holden, and Ailshie, JJ., concur.