**207 P.2d 1158**

## SCHINDLER v. McFEE et al.

### No. 7530.

Supreme Court of Idaho.

July 1, 1949.

Chas. E. Horning, Wallace, Spencer Nelson, Coeur d'Alene, for appellants.

Walter M. Oros, Boise, for respondent.

PORTER, Justice.

The appellant, A. F. McFee, owns five business properties in Wallace, Idaho. All are rental properties, one being a warehouse. It is necessary to keep these properties in good tenantable condition, and to make necessary repairs thereon. McFee maintains the properties and hires the repair work done. The respondent is a roofer by trade. On October 15, 1947, he was engaged in replacing the jack on the chimney of such warehouse. He fell and sustained serious injury. He duly filed claim for compensation with the Industrial Accident Board. After a hearing, the board awarded respondent compensation. From such award the appellants have appealed.

By their specifications of error, the appellants urge that at the time of the ac-cident the respondent was engaged in casual employment and was not covered by the provisions of the Workmen's Compensation Law.

Section 72-105, I.C., provides in part as follows:

"None of the provisions of this act shall apply to:

\* \* \* \* \* \*

"3. Casual employment.

\* \* \* \* \* \*

"Unless prior to the accident for which the claim is made, the employer had elected in writing filed with the board, that the provisions of the act shall apply."

It is not contended in this case that the employer, A. F. McFee, had, prior to the accident, filed with the board the election provided for in Section 72-105.

In Flynn v. Carson, 42 Idaho 141, 243 P. 818, this court, in construing our statute, held that it did not exclude the person, but excluded the employment; that the exclusion is of the casual employment, not necessarily the casual employer; and not those persons, but those employments are necessarily excluded which are casual. In defining casual employment, the court, 42 Idaho at page 150, 243 P. at page 820 quoted with approval from a Wisconsin case as follows: " 'Hence, an employment that is only occasional, or comes at uncertain times, or at irregular intervals, and whose happening cannot be reasonably anticipated as certain or likely to occur or to become

necessary or desirable is but a casual employment within the meaning of the statute. It is one that arises occasionally or incidentally and is not a usual concomitant of the business, trade, or profession of the employer.' Holmen Creamery Ass'n v. Industrial Commission, 167 Wis. 470, 167 N.W. 808."

The court also held that an employment that is a regular, recurring employment, customary and to be anticipated with regularity, and with its hazard a part of the overhead of the industry, even though the individuals who might perform the work were not steadily engaged for that purpose, is not casual employment.

The holdings in Flynn v. Carson, supra, have been repeatedly followed and approved. Orr v. Boise Cold Storage Co., 52 Idaho 151, 12 P.2d 270; Ross v. Reynolds, 64 Idaho 87, 127 P.2d 775, and cases cited.

The evidence in this case is undisputed. It is therefore a question of law for this court to determine whether the Board made a proper application of the law to the evidence. Horst v. Southern Idaho Oil Co., 49 Idaho 58, 286 P. 369; Teater v. Dairymen's Cooperative Creamery, 68 Idaho 152, 190 P.2d 687.

The respondent was an old friend of the appellant, McFee. He had worked for McFee at Taft, for four winters ending in 1941–42. At Wallace he was not on McFee's payroll. His work was laying and repairing roofs. After he would lay or repair a roof for an owner, he would "watch" the roof and if he discovered the necessity for repair, would call the same to the owner's attention. Some years prior to October 15, 1947, he had put the roof on the warehouse in question. He "watched" the roofs on McFee's buildings. Whenever he discovered anything wrong or some one called his attention to the need of repair, he would sometimes go ahead and make the repair without consulting McFee, and thereafter, McFee would pay him for his services. He had done very little work for McFee in 1947. He would repair or put new roofs on five or six buildings per year for various owners. He did not have any direct understanding with Mr. McFee about repairing roofs, but just went ahead and did the work when necessary. With reference to respondent's work, McFee testified as follows:

"Mr. Oppenheim: Would you mind telling the Board your relationship with Schindler over the years, in your own language and in your own way? A. Well, we were just good friends is all.

"Mr. Oppenheim: Is he correct when he says he was kind of a watcher for your buildings with respect to roofs? A. He watched everybody's building.

"Mr. Oppenheim: Will you amplify that—tell us what you mean? A. I think he watches around and looks at anyone's building that he has worked for before to see if it needs repair. If it needs repair, he goes ahead and does it, possibly, or he

comes and asks you or tells you it needs repair.

"Mr. Oppenheim: In your own case when he told you, what did you do? A. I told him to go ahead and fix it.

"Mr. Oppenheim: Were there cases when he didn't ask you and went ahead anyway? A. I believe so.

"Mr. Oppenheim: What did you do in those cases? A. We would pay him." (ff. 66–68)

McFee further testified that he was out of town at the time of the accident, did not authorize the respondent to go up on the building and did not know he was up there.

The wind had blown the jack and some of the bricks from the chimney on the warehouse. The respondent had helped a bricklayer replace the bricks prior to the accident. On October 15, 1947, respondent was using his own ladder and in attempting to ascend the ladder with the jack for the chimney, he fell and sustained the injury in question. He did not intend to charge McFee for replacing the jack on the chimney.

In Orr v. Boise Cold Storage Co., supra, the company was engaged in the manufacture and sale of ice, and in maintaining a commercial cold storage warehouse. Orr was employed at a daily wage to repair a damaged wall. While doing so, he was injured. The court held that under the rules announced in Flynn v. Carson, supra, Orr

was engaged in casual employment and his injury not compensable.

In Rabideau v. Cramer, 59 Idaho 154, 81 P.2d 403, Cramer employed Rabideau to wash the windows of his law office. Cramer would employ some one to wash the windows sometimes every two months and sometimes every six months. This court held that the employment was casual.

In Dawson v. Joe Chester Artificial Limb Co., 62 Idaho 508, 112 P.2d 494, a workman was engaged at an hourly wage to calcimine the walls and ceiling of the place of business of a manufacturer and seller of artificial limbs. The place was recalcimined whenever needed, the last time being about two years before the accident. The court held that the workman was engaged in a casual employment and that an injury sustained while so engaged, was not compensable.

In Ross v. Reynolds, supra, a workman was engaged in painting a part of the interior and exterior of a business block. While so engaged he suffered an injury. The evidence disclosed that only one painting job had been done on the exterior of the building in the preceding ten years; and that the decorating jobs in the interior of the building varied from two to five years. The court held that the workman was engaged in casual employment and not entitled to compensation.

In Bigley v. Smith, 64 Idaho 185, on page 187, 129 P.2d 658, 659, the court summarized the testimony as follows: "Re-

spondent's testimony shows that Mrs. Smith was the owner of four or five buildings in Twin Falls, which she rented to others for business purposes; that she employed him to repair these buildings when they needed repair; that his employment by her was not steady, but irregular, depending on one or more of the buildings needing to be repaired; that during the time the understanding and agreement existed between them, that he should repair the buildings when they required it, he worked for people other than Mrs. Smith and 'If I was busy they most generally waited for me. They have waited as long as three weeks.'"

The court held that the injury received by the workman as the result of an accident occurring while he was repairing a ceiling was not compensable as the workman was engaged in casual employment.

Under the principles enunciated and followed in the foregoing cases, we are constrained to hold that the respondent, Schindler, was engaged in casual employment at the time of the accident, and that his injury is not compensable. The decision of the board awarding compensation is reversed. Costs to appellants.

GIVENS, TAYLOR and KEETON, JJ., concur.

HOLDEN, C. J., sat at the hearing but did not participate in the decision.