216 P.2d 955

**LAIL v. BISHOP et al.**

No. 7594.

Supreme Court of Idaho.

April 4, 1950.

Parry, Keenan, Robertson & Daly, Twin Falls, for respondent.

Arthur E. Babbel, Twin Falls, for appellant.

Robert E. Smylie, Atty. Gen., for Industrial Accident Board.

GIVENS, Justice.

The substance of the facts as found by the Board portrays that appellant was, and for several years prior to April 15, 1949, had been engaged in trucking lumber at Twin Falls, generally with one truck driven by himself. For a short time he had an additional truck driven by his wife. He employed no one. In a small way, he bought and sold lumber at retail, having no place of business other than his home.

Following negotiations, he entered into a prospective partnership with G. T. Newcomb to commence April 16, to conduct a retail lumber yard. April 12 appellant employed respondent to unload a car of lumber for the prospective partnership. On the 14th, respondent delivered some fence pickets for appellant to a customer and the next day, a small load of lumber. There were discussions between appellant and respondent contemplating the latter's employment by the partnership, but no definite arrangement. On the 15th, appellant had respondent rip some more pickets to complete the order, part of which had already been delivered. This ripping was done with a small portable hand saw given appellant by his wife for Christmas. While thus employed, respondent traumatically amputated the ends of the index finger and thumb of his left hand. He was totally disabled for four weeks and two days, and suffered the loss of the distal phalanges of the index finger and the thumb of his left hand.

He sought and recovered from appellant compensation for the injury on the conclusion by the Industrial Accident Board that the employment was not casual.

The evidence was conclusive this was the only time appellant had ever made pickets and there was no evidence that he had engaged generally in machining or milling lumber since he had been in business, prior to April 15. He either hauled lumber for yards or mills or bought and sold it and likewise, had never had any other employee.

The Workmen's Compensation Law in many states provides that employment to be casual must be both casual and not in the usual course of the business of the employer. Our statute does not require the second feature.

In other words, as expressed in Orr v. Boise Cold Storage Co., 52 Idaho 151, at page 155, 12 P.2d 270, the employment may be in or out of the regular course of business, but the determinative test is whether it is casual. Likewise, it is the employment and not the employee which governs. Flynn v. Carson, 42 Idaho 141, at page 151, 243 P. 818.

We carefully considered such difference in our statute in Flynn v. Carson, supra, and this feature has been considered and given effect in all subsequent cases where we have considered casual employment.

The test under our statute as applicable herein, is stated with complete clarity in Rabideau v. Cramer, 59 Idaho 154, at page 158, 81 P.2d 403, at page 405, thus: "* * *, the employment was uncertain, occasional, at irregular intervals, without regularity, and for a limited and temporary purpose," and concluded in was casual.

A representative of one retail yard testified it was their custom to mill lumber when requested by a customer, but he did not know whether that was the custom gen-

erally in other yards. Even if it were, the evidence is conclusive that appellant was not conducting a lumber yard, as such, on April 15.

■ Tested by the above criterion, which has been followed without deviation by this court, this employment was incidental, only occasional, without regularity and for a limited and temporary purpose and was at less than irregular intervals, because it had not occurred before and there was no apparent likelihood it would occur again; that is, that appellant would engage in such activities aside from the partnership prospectively being formed. Dillard v. Jones, 58 Idaho 273, at page 279, 72 P. 2d 705; Dawson v. Joe Chester Artificial Limb Co., 62 Idaho 508, at page 510, 112 P. 2d 494; Ross v. Reynolds, 64 Idaho, 87, at page 88, 127 P.2d 775; Bigley v. Smith, 64 Idaho 185, 129 P.2d 658, Schindler v. Mc-Fee, 69 Idaho 436, 207 P.2d 1158.

While each case is to be decided upon the facts of that particular case, insofar as possible, we must be consistent in our application of the law to the facts and to be consistent, we are constrained to hold that under the test as heretofore uniformly announced and adhered to, this employment was casual.

The order of the Board awarding compensation is, therefore, *reversed* and the proceedings ordered dismissed.

HOLDEN, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.