258 P.2d 355

**VOGL v. SMYTHE.**

No. 7955.

Supreme Court of Idaho.

June 10, 1953.

James W. Ingalls, Coeur d'Alene, for appellant.

Clay V. Spear, Coeur d'Alene, Hamblen, Gilbert & Brooke, Spokane, Wash., for respondent.

THOMAS, Justice.

The facts in the case are in most respects without conflict and, as found by the Board, are briefly hereinafter related.

Respondent owned some 140 acres of land bordering on Lake Coeur d'Alene where he

had a summer home which was situated a mile and one-half from the junction of State Highway 95 and a county road which led to his property. A postoffice and grocery store were located at the junction.

In 1947 respondent subdivided his property into lots and platted the area and engaged in the sale of such lots to those desiring summer homes on the lake; it was his custom, following sales, to construct cottages for the purchasers on order. The access county road, as well as other roads leading to the property, were maintained by the county; such maintenance usually commenced in the late spring prior to the opening of the season when the owners of summer homes would return to occupy them during the summer and early fall; the business of respondent was seasonal, usually commencing with school vacation and continuing until about Labor Day.

Following the end of the 1950 season, respondent and his wife moved from their home, leaving it in the custody of a caretaker; upon their return in the spring of 1951 there was snow upon the ground and the access county road from the store to their summer home was in such a state of disrepair that respondent found it advisable to leave his passenger car at the store and drive to and from his residence by truck; on March 26, 1951, shortly after they returned, respondent was at the store and remarked in reply to an inquiry as to why he was not driving his car, that he planned to leave his car there until he could get some-one to help him fix the county road. Claimant was present at this time and a discussion followed; there was conflict in the evidence as to the understanding between claimant and respondent as to the duration of employment; claimant testified that he was to be employed for the summer months, while respondent testified that he was to be employed only a few days for the purpose of repairing the county road and cleaning up the driftwood on the beach in front of respondent's residence; the Board found that claimant was engaged to help respondent fix the county road at the rate of $1.50 per hour and that "there was probably some reference to or discussion of the duration of employment, but the circumstances indicate that any arrangement with respect thereto was tentative and contingent. Whatever the arrangement it was fixed on an hourly wage basis, and terminable at will by either party".

Claimant reported for work on March 27, 1951, and he and the caretaker worked for a brief period of time on a winch which respondent was repairing in order to remove the driftwood from the beach in front of his residence, and thereafter for the balance of the forenoon and for a brief period in the afternoon were engaged in dragging the county road when claimant was accidentally injured.

After the injury of claimant nothing further was done on the county road by respondent in 1951; this was the first and

only instance where respondent had employed anyone to drag the road, he having the year previous dragged it himself; at all times the county road was dragged and otherwise maintained by the county in the late spring before the opening of the season when summer homes on the lake and in the area were being opened.

The Board further found that the improvement and dragging of the road on this particular occasion was for the convenience of the respondent as a householder and that claimant's employment at the time of the accidental injury was casual and, hence, not covered by the Workmen's Compensation Act, and in its Order denied compensation.

Claimant urges that at the time of the accident he was not engaged in casual employment and was hence covered by the provisions of the Workmen's Compensation Law.

■ The statutes relating to casual employment are far from harmonious; under most statutes, even if the employment is casual, it is not exempt from the protection of the Workmen's Compensation Act unless it is also outside the usual business of the employer; in other words, the exclusion from the benefits of the Act does not apply unless the employment is both casual and outside the usual business of the employer, Schneider Workmen's Compensation Text, Vol. 2, sec. 279, pp. 97–101; however, the statutes of this state only require that the employment be casual to exclude the workman from the benefits thereof. Sec. 72–105, I.C.; Orr v. Boise Cold Storage Co., 52

Idaho 151 at page 155, 12 P.2d 270; Lail v. Bishop, 70 Idaho 284, 216 P.2d 955.

Sec. 72–105, I.C., provides that none of the provisions of the Act shall apply to casual employment unless prior to the accident for which the claim is made the employer had elected in writing, filed with the Board, that the provisions of the Act shall apply. Here, it is conceded that the employer had not, prior to the accident, filed with the Board such an election.

■ The term "casual employment", in the absence of a statutory definition, has been defined by the courts; it is a relative term and, hence, not capable of any hard and exacting definition. In this state the term is not defined by statute but it has been frequently defined by this court.

After a careful and thorough review and consideration of the Acts of various states, as well as England, and noting the distinction in the language employed under such various Acts where the term "casual employment" was not defined, this court construed the term as employed in our statute to mean an employment that arises occasionally or incidentally or which comes at uncertain times or at irregular intervals, for a limited or temporary purpose and whose happening cannot be reasonably anticipated as certain or likely to occur or to become necessary or desirable and which is not a usual concomitant of the business, trade or profession of the employer. Flynn v. Carson, 42 Idaho 141, 243 P. 818.

.The test as set forth in Flynn v. Carson, supra, has been consistently followed and approved without deviation. Orr v. Boise Cold Storage Co., supra; Dillard v. Jones, 58 Idaho 273, 72 P.2d 705; Rabideau v. Cramer, 59 Idaho 154, 81 P.2d 403; Dawson v. Joe Chester A. L. Co., 62 Idaho 508, 112 P.2d 494; Ross v. Reynolds, 64 Idaho 87, 127 P.2d 775; Bigley v. Smith, 64 Idaho 185, 129 P.2d 658; Schindler v. McFee, 69 Idaho 436, 207 P.2d 1158; Lail v. Bishop, supra; Fitzen v. Cream Top Dairy, 73 Idaho 210, 249 P.2d 806.

By general rule or by definition, it is difficult to completely, minutely and adequately cover prospectively and in detail what employment may or may not constitute casual employment, hence it is necessary, in such cases, to decide each case upon the particular facts involved and then apply the appropriate general rules which place the individual case within or without the provisions of the Act as it relates to casual employment.

Applying the criterion as set forth in the cases above cited, the employment here, to drag the county road and clean up the driftwood on the beach of respondent's summer home, was incidental or occasional, without regularity, for a limited and temporary purpose, not necessarily recurring or customary or to be anticipated, with its hazard a part of the overhead of the business.

We are constrained to hold under the test as set forth in the case of Flynn v. Carson, supra, and consistently followed and applied thereafter, that claimant was engaged in casual employment at the time of the accident and that the injuries received are not compensable under the Act.

The Order of the Board denying compensation is affirmed. Costs to respondent.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.