413 P.2d 449

George M. WACHTLER, Claimant-Respondent,

v.

Wilbur CALNON, doing business as Calnon Floral, Employer, and State Insurance Fund, Surety, Defendants-Appellants.

No. 9785.

Supreme Court of Idaho.

April 19, 1966.

---

Jim Christensen, Coughlan & Imhoff, Boise, for appellants.

Moffatt, Thomas, Barrett & Blanton, Boise, for respondent.

McFADDEN, Chief Justice.

Prior to his injury, claimant George M. Wachtler and George Harris, came to Idaho from California seeking employment on a dam being built on the Snake River. On August 10, 1965, while enroute from Boise to Baker, Oregon, where they were going to apply for work, they stopped at the Calnon Floral, a business conducted by Wilbur Calnon in Meridian, Idaho. Harris went into the building and asked Calnon if he and claimant could paint the eaves or fascia of the floral building, a pumice stone structure.

Calnon at first declined to give them this work, but subsequently agreed to let the two of them paint the eaves on the building for $20.00, Calnon to furnish the paint, and Harris to furnish the brushes.

Claimant had been working on the painting for about an hour when he stepped through a glass roofing on the greenhouse at the rear of the building, cutting his right arm, for which injury he was treated by a doctor in Meridian and later admitted to a hospital in Boise, where a doctor performed an operation to repair the flexor tendons of his forearm and wrist.

After claimant was injured, Harris completed the painting on the building and Calnon paid him the $20.00, of which sum Harris paid $2.00 to claimant.

Claim was submitted for compensation which was denied by the State Insurance Fund, surety for Calnon, for the reason that the employment was "casual", and Calnon had not filed an election to cover casual employment. The Industrial Accident Board, after hearing the cause determined that Wachtler was not engaged in casual employment and entered its award of compensation for total temporary disability and medical expenses.

Neither party has raised the question as to whether the relationship of Calnon with Wachtler and Harris was that of principal and contractor (see: Laub v. Meyers, Inc., 70 Idaho 224, 214 P.2d 884) or that of master and servant; the sole issue presented by this appeal is whether the board erred in determining that claimant was not engaged in casual employment within the meaning of I.C. § 72–105B.

The statutory provisions pertinent here provide:

I.C. § 72–105A. "Employments not covered.—None of the provisions of this act shall apply to the following employments, unless coverage thereof is elected as provided in section 72–105B:"

" * * *

"3. Casual employment."

I.C. § 72–105B. "Election of exempt coverage.—An employer engaged in any of the exempt occupations listed in section 72–105A may elect coverage thereof by a declaration in writing of himself and his surety filed with the board that the provisions of the act shall apply thereto."

This court has had before it a number of cases involving the question of when an employment is "casual". In Vogl v. Smythe, 74 Idaho 115, 258 P.2d 355, it was held that if the employment is casual, the employee is excluded from benefits of the act unless the employer prior to the accident has elected in writing to come under the act. Therein this court stated:

"The term 'casual employment', in the absence of a statutory definition, has been defined by the courts; it is a relative term and, hence, not capable of any hard and exacting definition. In this state the term is not defined by statute but it has been frequently defined by this court.

"After a careful and thorough review and consideration of the Acts of various states, as well as England, and noting the distinction in the language employed under such various Acts where the term 'casual employment' was not defined, this court construed the term as employed in our statute to mean an employment that arises occasionally or incidentally or which comes at uncertain times or at irregular intervals, for a limited or temporary purpose and whose happening cannot be reasonably antici-

pated as certain or likely to occur or to become necessary or desirable and which is not a usual concomitant of the business, trade or profession of the employer. Flynn v. Carson, 42 Idaho 141, 243 P. 818.

"The test as set forth in Flynn v. Carson, supra, has been consistently followed and approved without deviation. Orr v. Boise Cold Storage Co., supra [52 Idaho 151, 12 P.2d 270]; Dillard v. Jones, 58 Idaho 273, 72 P.2d 705; Rabideau v. Cramer, 59 Idaho 154, 81 P.2d 403; Dawson v. Joe Chester A. L. Co., 62 Idaho 508, 112 P.2d 494; Ross v. Reynolds, 64 Idaho 87, 127 P.2d 775; Bigley v. Smith, 64 Idaho 185, 129 P.2d 658; Schindler v. McFee, 69 Idaho 436, 207 P.2d 1158; Lail v. Bishop, supra [70 Idaho 284, 216 P.2d 955]; Fitzen v. Cream Top Dairy, 73 Idaho 210, 249 P.2d 806.

"By general rule or by definition, it is difficult to completely, minutely and adequately cover prospectively and in detail what employment may or may not constitute casual employment, hence it is necessary, in such cases, to decide each case upon the particular facts involved and then apply the appropriate general rules which place the individual case within or without the provisions of the Act as it relates to casual employment." 74 Idaho at 118, 119, 258 P.2d at 356, 357.

■ In Rabideau v. Cramer, 59 Idaho 154, 81 P.2d 403, this court held that the word "casual" applies to the employment and not to the employee, and that a hard and fast definition of "casual employment" is not possible, and that each case must be decided largely upon its special facts. Therein, an attorney hired a couple of fifteen year old boys who had been washing windows in other buildings, to wash the windows in his office. While so working, the minor fell and broke his leg. The Industrial Accident Board awarded compensation, and this court reversed the award of the board, holding as a matter of law the employment was "casual" and hence not compensable.

■■ The evidence in this case was undisputed, and in such case a question of law is presented as to whether the board made a proper application of law to the evidence. Idaho Constitution, Art. 5 § 9; I.C. § 72–609(a, d); Horst v. Southern Idaho Oil Co., 49 Idaho 58, 286 P. 369; Teater v. Dairymen's Cooperative Creamery, 68 Idaho 152, 190 P.2d 687; Schindler v. McFee, 69 Idaho 436, 207 P.2d 1158. If the order of the board is unsupported as a matter of law, it is within the province of the Supreme Court to set it aside. In re Duncan's, 83 Idaho 254, 360 P.2d 987; Beutler v. MacGregor Triangle Co., 85 Idaho 415, 380 P.2d 1; Comish v. J. R. Simplot Fertilizer Company, 86 Idaho 79, 384 P.2d 333.

■ Respondent asserts that the painting was for the purpose of beautification or "advertising", because of the product Calnon was selling, and thus the employment was not casual since it was a usual concomitant of the employer's business. The record discloses that the last painting was done by Calnon himself about four years ago. From a thorough reading of the record, and the authorities cited above, we conclude that there is no substantial evidence to support the board's finding.

The order of the board awarding compensation to claimant is reversed.

Costs to appellants.

McQUADE, TAYLOR, SMITH and SPEAR, JJ., concur.