768 P.2d 785

Floyd **PARTELLO**,
Claimant–Respondent,

v.

Hubert **STIPA** and Ann Stipa,
Employer–Appellants.

No. 17229.

Supreme Court of Idaho.

Jan. 19, 1989.

Swanson & Setzke, David K. Swanson, argued, Boise, for employer-appellants.

Harris and Sutton, Robert C. Hampton, argued, Boise, for claimant-respondent.

SHEPARD, Chief Justice.

This is an appeal from a decision of the Industrial Commission which held that claimant Partello was not an independent contractor, but rather an employee of defendants-appellants Stipa, that the employment was not casual, and that the statutory agricultural pursuit exemption was not applicable to the facts. Hearing was had before a referee who thereafter recommended that the Commission enter an order consistent with the findings and conclusions of the referee. The Commission adopted the decision of the referee.

Appellant argues that the claimant was not an employee but rather an independent contractor. Appellant also argues that if claimant is determined to be an employee, nevertheless, the appellant's business was an agricultural pursuit and thus he was exempt from liability under the Workmen's Compensation Act.

Defendants' business is that of breeding, raising, training and selling hunting dogs, i.e., German Shorthair and Wirehair Pointers. According to defendants' testimony, the enterprise is a commercial business involving seventy to one hundred dogs of various ages. Claimant sustained injury and damage when bitten by one of the dogs. As found by the referee, claimant performed only three tasks: 1) feeding the dogs once a day, 2) cleaning the kennels once a day, and 3) setting an automatic water system. It is this work that appellants contend indicates the existence of an independent contractor relationship. We disagree.

■ The findings of the referee, adopted by the Commission, indicate that the distinction between the employer-employee re-lationship as contrasted with that of an independent contractor, is set forth in *Burdick v. Thornton, dba T–5 Quarter Horses,* 109 Idaho 869, 712 P.2d 570 (1985); *Ledesma v. Bergeson,* 99 Idaho 555, 585 P.2d 965 (1978); and Larson, *The Law of Workmen's Compensation,* § 44.35A. Here the referee held that many of the factors determinative of such relationships were neutral, but that clearly the appellant retained the right to terminate the relationship at will, without liability, not only as to this claimant, but his predecessors in the position. Those findings and conclusions are amptly supported by the evidence in our previous decisions, and will not be disturbed.

■ The decision of the referee, as adopted by the Industrial Commission, held that the daily work of the claimant was not merely incidental to the employers' business, but an integral part of it. It was concluded that the claimant's work for the employer was neither occasional, incidental, irregular, or at uncertain times, and hence the work of the claimant did not fall within the "casual employment" exception to the workmen's compensation laws. *See, e.g., Tuma v. Kosterman,* 106 Idaho 728, 682 P.2d 1275 (1984). That portion of the findings and conclusions are clearly supported by the record, and the decision of the referee was affirmed by the Industrial Commission and is affirmed by this Court.

■ The appellants next contend that the referee and the Industrial Commission erred in failing to hold that the employment was exempt from liability as falling within the agricultural pursuit subsection of I.C. § 72–212. The referee concluded that the general nature of the business at question here is the sale of trained or untrained dogs for hunting purposes, which the referee concluded did not fall within the traditional meaning of agriculture, as the term is commonly understood. As pointed out by the referee's decision, the business of breeding and selling hunting dogs is not typical of an ordinary farmer, or for that matter in any way related to agricultural purposes. As noted by the referee, the type of dogs in question here are not raised on a farm, are not used in the production or harvesting of crops, are

not fed crops produced on a farm, albeit it is admitted that dogs used for the purpose of guarding or herding farm animals might present a closer question. We agree. *See Manning v. Win Her Stables, Inc.,* 91 Idaho 549, 428 P.2d 55 (1967); *Tuma v. Kosterman,* 106 Idaho 728, 682 P.2d 1275 (1984); *Burdick v. Thornton dba T–5 Quarter Horses,* 109 Idaho 869, 712 P.2d 570 (1985). The appellants assert that the decision of this Court in *Meader v. Unemployment Compensation Division,* 64 Idaho 716, 136 P.2d 984 (1943), lends support to appellants' position. We disagree. There it was argued that the term "livestock" should be applied in the broadest sense of raising and production of livestock; in that case the production of fish. In that opinion the Court conceded that if the term "livestock" were to be construed in its generic sense, it would include the propagation and rearing of all domestic animals, including domestic trout. However, the Court said, "But it is equally clear that the legislature did not use the term in its generic sense, so as to include the raising of all domestic animals, ..."

The decision of the Industrial Commission is affirmed. Costs to respondent.

BAKES, BISTLINE, HUNTLEY and JOHNSON, JJ. concur.