R. 42–46.

793 P.2d 220

Brent I. LARSON, Claimant–Appellant,

v.

BONNEVILLE PACIFIC SERVICES COMPANY, Employer,

and

State Insurance Fund, Surety, Defendant–Respondent.

No. 18201.

Supreme Court of Idaho.

June 19, 1990.

been damaged during construction of a hydroelectric power plant. BP Services is in the business of operating and maintaining power plants. The plant in question was constructed by Bonneville Pacific Corporation (BP Corp., the parent corporation of BP Services). Following construction of the plant, the Environmental Protection Agency ordered BP Corp. to restore the area to the same condition it was in prior to construction of the plant. BP Corp. engaged BP Services to fulfill the mandate of the EPA order.

In May, 1987, Larson was allegedly injured in an industrial accident while he was in the employ of BP Services. Larson filed an application for hearing with the Industrial Commission which found that Larson was not entitled to compensation because his employment was "casual employment" within the meaning of the exception from coverage in I.C. § 72–212(2). Larson appeals, challenging this finding by the Commission.

■ Preliminarily, we note our standard of review. Under Article V, § 9, of the Idaho Constitution, our review on appeals from the Industrial Commission is limited to questions of law. *Wells v. Potlatch Forests, Inc.*, 67 Idaho 420, 183 P.2d 202 (1947); *Cameron v. Bradley Mining Co.*, 66 Idaho 409, 160 P.2d 461 (1945). The Commission's findings of fact are binding on this Court if they are supported by substantial competent evidence. *Parker v. St. Maries Plywood*, 101 Idaho 415, 614 P.2d 955 (1980); *Booth v. City of Burley*, 99 Idaho 229, 580 P.2d 75 (1978).

■ Regarding the Commission's application of the law, the Commission construed the provisions of I.C. § 72–212, which provides in pertinent part:

**72–212. Exemptions from coverage.—** None of the provisions of this law shall apply to the following employments unless coverage thereof is elected as provided in section 72–213, Idaho Code.

. . . .

(2) Casual employment.

This Court has defined "casual employment" as employment that is only occasional, or comes at uncertain times, or at irregular intervals, and whose happening cannot

Jenkins Law Office, Idaho Falls, for appellant. Robert K. Beck, argued.

Steven R. Fuller, Preston, for respondent.

Before BAKES, C.J., JOHNSON, BOYLE and McDEVITT, JJ., and WINMILL, J. Pro Tem.

PER CURIAM:

Appellant Brent I. Larson appeals from an order of the Industrial Commission denying him worker's compensation benefits on the basis that his employment with Bonneville Pacific Services Company (BP Services) was casual employment under I.C. § 72–212(2), and therefore he was not entitled to compensation.

Larson had been employed by BP Services to perform manual labor in reforesting an area along the Snake River that had

be reasonably anticipated as certain or likely to occur or to become necessary. It is employment that arises only occasionally or incidentally and is not part of the usual trade or business of the employer. *Tuma v. Kosterman,* 106 Idaho 728, 682 P.2d 1275 (1984); *Wachtler v. Calnon,* 90 Idaho 468, 413 P.2d 449 (1966); *Flynn v. Carson,* 42 Idaho 141, 243 P. 818 (1926). After reviewing the Commission's findings and conclusions, we conclude that the Commission did not err in its understanding of the law with regard to the "casual employment" exception set out in I.C. § 72–212.

■ Applying that law to the facts before it, the Commission found that the reforestation project that gave rise to Larson's employment "arose occasionally or inadvertently for a limited or temporary purpose." The record shows that Larson was employed for the sole task of replanting trees; that this task would be accomplished in two to three weeks; and that neither BP Services nor Larson anticipated that Larson would ever be employed again by BP Services. The Commission further found that the need for reforestation and revegetation occurs "if at all, at uncertain times or at irregular intervals, and its happening cannot be reasonably anticipated as likely to occur or become necessary." The record shows that BP Services had been engaged on only one other occasion in a similar reforestation undertaking. Finally, the Commission noted that revegetation was not the regular business of BP Services, which is in the business of operating and maintaining power plants. Based upon the evidence in the record, the Commission found that Larson was engaged in "casual employment" which was exempt from coverage under I.C. § 72–212. The record demonstrates substantial and competent evidence to support the Commission's finding that Larson's employment with BP Services was casual, and we therefore must affirm the Commission's finding.

The order of the Industrial Commission is affirmed. Costs to respondent. No attorney fees allowed.