814 P.2d 36

**Frank ROMAN, Claimant–Respondent,**

v.

**Steve HORSLEY, Defendant,**

**and**

**Haun Group, Inc., Employer, Defendant–Appellant.**

**No. 18571.**

Supreme Court of Idaho,
Boise, February 1991 Term.

July 3, 1991.

Manweiler, Bevis & Cameron, Boise, for defendant-appellant. Howard I. Manweiler argued.

Bohner, Chasan, Walton & Bauer, Boise, for claimant-respondent. Andrew M. Chasan argued.

BISTLINE, Justice.

Haun Group (hereinafter Haun) is an incorporated general contracting business engaged largely in new home construction. Harold Haun and Susan Haun are the only officers; the corporation has no employees and does not purchase worker's compensation insurance. The actual construction of the houses is contracted out to subcontractors. If the subcontractor has employees, it must show Haun Group that it has worker's compensation insurance to cover those employees.

In late 1988 Haun began construction of a custom built home in Boise. Haun's oral contract with Steve Horsley to shake roof the house provided that Horsley's compensation would be per completed square. According to Haun, it was understood between the two of them that Horsley would employ no one. Horsley did not have a

policy providing worker's compensation insurance.

Frank Roman is an experienced roofer and worked full time for Tolley–Hughes Roofing. He also did side jobs three to four times a year. He had acquired an air compressor for use on some rentals which he owned and also for use on the side jobs which he undertook. Roman declared the income from his extra work on Schedule C of his tax return as a Profit or Loss from a Business or Profession.

Roman learned of the Haun job from Delmar Pinkston, who had been asked by Horsley to assist him on the job. Pinkston suggested to Horsley that he ask Roman to assist him. Roman and Horsley reached an understanding that for Roman's part-time work he would be compensated on the basis of so much per square completed, payment on a production basis being a common method of compensation for shake or shingle roofing. The only major piece of equipment used on the job was Roman's air compressor, which Horsley rented from Roman for $50.

While at the Haun job site and while engaged in the application of shakes, Roman fell from the roof and sustained injuries to his feet and ankles. On Horsley's completion of the roof Roman was paid $150. No unemployment insurance or social security was withheld.

The Industrial Commission adopted the referee's proposed findings of fact, conclusions of law, and award of benefits, and ruled that because Haun was Roman's statutory employer, under and by virtue of the provisions of I.C. §§ 72–216 and 72–319, Haun was liable for worker's compensation benefits due Roman.

The sole issue on appeal is whether the Industrial Commission erred in finding that Roman was an employee of Haun and not an independent contractor. The Industrial Commission's factual findings will not be overturned on appeal when they are supported by substantial and competent evidence. *Burns v. Nyberg*, 108 Idaho 151, 153, 697 P.2d 1165, 1165 (1985). The determination of whether an injured party is an independent contractor or an employee is a factual determination to be made from full consideration of the facts and circumstances which are established by the evidence. *Matter of Hanson*, 114 Idaho 131, 133, 754 P.2d 444, 446 (1988). When a doubt exists as to whether a worker is an employee or an independent contractor under the Worker's Compensation Act, the Act must be given a liberal construction in favor of finding the relationship of employer and employee. *Hanson*, 114 Idaho at 133, 754 P.2d at 446.

Idaho Code § 72–102 defines employee and independent contractor as follows:

> (9) 'Employee' is synonymous with 'workman' and means any person who has entered into the employment of, or who works under contract of service or apprenticeship with, an employer ...

> (13) 'Independent Contractor' means any person who renders service for a specified recompense for a specific result, under the right to control or actual control of his principal as to the result of his work only and not as the means by which such result is accomplished....

In deciding the issue of whether a worker is an employee or an independent contractor, Idaho has adopted the "right to control" test:

> The ultimate question in finding an employment relationship is whether the employer assumes the right to control the times, manner and method of executing the work of the employee, as distinguished from the right merely to require certain definite results in conforming with the agreement. Four factors are traditionally used in determining whether a 'right to control' exists, including, (1) direct evidence of the right; (2) payment and method of payment; (3) furnishing major items of equipment; and (4) the right to terminate the employment relationship at will and without liability.

*Burdick v. Thornton*, 109 Idaho 869, 871, 712 P.2d 570, 572 (1985).

While each of those four elements must be considered, no one of them in and of itself is controlling and one or more of the four may not be present in a given case.

The Commission must balance each of the elements present to determine the relative weight and importance of each. *Matter of Hanson*, 114 Idaho 131, 134, 754 P.2d 444, 447 (1988).

The first step in applying the right to control test is to ascertain if there is direct evidence of the right. The Commission stated that the evidence did not show "that Horsley actually asserted direction and control over Roman; but the issue is not whether he did so but whether he had the right to do so when the occasion arose." This statement by the Commission implied that although there was no evidence of an actual assertion of direction and control, Horsley did have the right to direct and control. The Commission found that "Roman was not experienced in installing shake roofs and was not capable of running the job or performing the work without the availability of assistance and direction when needed." The Commission also found that Horsley determined the work to be done each day, including which part of the roof to work on, and that Horsley supplied the materials for the job. Haun argues that Roman could work whenever he wanted to, but the testimony taken showed that Roman did not work in Horsley's absence. The Commission's finding that there was direct evidence of the right to control is supported by substantial and competent evidence.

The second part of the right to control test involves payment and method of payment. The Commission found that payment was made on a production basis, which was common in the trade, and was therefore a neutral factor. The Commission further found that there was no discussion between Horsley and Roman regarding the withholding of taxes. While it is true that failure to make provisions for withholding taxes points toward independent contractor status, it is not necessarily a determining factor. This case is similar to *Burdick v. Thornton*, 109 Idaho 869, 712 P.2d 570, in which this Court found that the fact that there was no withholding of taxes did not diminish the neutrality of the payment factor. 109 Idaho at 872–73, 712 P.2d at 573–74. Substantial and competent evidence supports the Commission's finding that this element of the test was a neutral factor.

As to the third part of the right to control test, *i.e.*, the furnishing of major items of equipment, the Commission found that the only major item involved in the roofing project was the air compressor which Horsley in essence supplied via his renting it from Roman. The Commission's finding that Horsley supplied the major item of equipment is supported by evidence of the agreement to rent the compressor.

The fourth part of the right to control test is the right to terminate the employment relationship at will and without liability. The Commission's conclusion that "the evidence also indicates that Horsley and Roman had the right to terminate their relationship at will and without liability" is supported by the Commission's finding that Roman believed he could be terminated at any time. Although Haun asserts that the right of unilateral termination is of diminished importance in light of *J.R. Simplot Co. v. State*, 110 Idaho 762, 718 P.2d 1200 (1986), in *Partello v. Stipa*, 115 Idaho 522, 768 P.2d 785 (1989), this Court upheld the finding of an employee/employer relationship despite the fact that "many of the factors determinative of such relationships were neutral," and where the alleged employer "retained the right to terminate the relationship at will without liability." 115 Idaho at 523, 768 P.2d at 786.

Holding that the Commission's finding that Roman was an employee of Haun is supported by substantial and competent evidence, we affirm the Commission's order and award. Costs on appeal to Roman.

JOHNSON, BOYLE, and McDEVITT, JJ. concur.

BAKES, C.J. concurs in the result.