*39 P.3d 601*

**Petre STOICA, Claimant–Respondent,**

v.

**Daniel POCOL, Employer, Defendant–Appellant.**

No. 27009.

Supreme Court of Idaho,
Boise, November 2001 Term.

Dec. 28, 2001.

Fuller Law Office, Twin Falls, for appellant.

R. Jeff Stoker, Twin Falls, for respondent.

WALTERS, Justice.

This is an Industrial Commission case where the Commission found that an employer/employee relationship existed and that there was no basis within the statutory scheme to exempt the employer from the obligation to carry worker's compensation insurance. We affirm the decision of the Commission.

## FACTS AND PROCEDURE

Petre Stoica was injured in a work-related accident on August 15, 1997. He had been hired by Daniel Pocol, who trained him to help in Pocol's carpet laying business. Stoica and Pocol are Romanian immigrants, and Pocol offered Stoica work to get him on his feet and even invited him to live in his home for a short time. When business was slow or there was no carpet laying work, Stoica agreed to work for Pocol doing remodeling and construction of property Pocol owned, applying his expertise as an electrician and in construction that he had acquired in Romania. From the time Stoica first began to work with Pocol in August of 1994, he remodeled properties in Twin Falls that Pocol owned, including a duplex on Second Avenue, a residence on Polk Street, a triplex on Ostrander Street, and he helped Pocol build a residence on Woodland Court. Stoica fell from a ladder as he was trying to put up sheetrock around a window while working at Pocol's Woodland Court home.

Stoica fractured his left elbow and his right wrist, and hit his head and chest when he fell. He was taken initially to the Twin

Falls Clinic by Pocol, where he was treated and released with a recommendation for surgery on the right wrist. On August 16, 1997, David P. Murray, M.D., performed surgery of the comminuted intraarticular fracture of the distal radius right side. Dr. Murray removed the splint on the left upper extremity and checked the range of motion under anesthesia; the splint was reapplied to stabilize the fracture of the left radial head. Dr. Murray recommended that the left elbow be treated with short-term immobilization followed by gradual elbow range of motion.

On February 6, 1998, Stoica filed a complaint for worker's compensation benefits in connection with the injuries suffered from the fall. In his complaint, he raised the issues of compensability of the injury and his entitlement to receive benefits from Pocol, who did not have worker's compensation coverage.

A hearing was held before the Industrial Commission on December 4, 1998. Referee Alan Taylor heard the evidence and issued lengthy findings of fact, conclusions of law and a recommendation to the Commission. The Commission issued an order adopting the referee's findings, conclusions and recommendation as follows:

1. Claimant has proven that he was an employee of Daniel Pocol on August 15, 1997.

2. Claimant's employment did not constitute casual employment exempt from coverage pursuant to I.C. § 72–212(2).

3. Claimant's employment did not constitute employment not for pecuniary gain exempt from coverage pursuant to I.C. § 72–212(6).

4. Pursuant to I.C. § 72–718, the decision is final and conclusive as to all matters adjudicated.

Pocol sought reconsideration of the Commission's decision. The Commission entered an order denying the motion for reconsideration stating that "[w]hen considering all of the facts of the case and taking all of the arguments into consideration, the record fully supports the decision of the Commission, even with the conflicting evidence." Thereafter, the Commission calculated the amount

of benefits to which Stoica was entitled, including an award of total temporary disability and permanent partial disability. The Commission also determined that the employer, Pocol, was liable under I.C. § 72–210 for attorney fees and costs and a ten percent penalty. Pocol appealed from the Commission's final order.

## STANDARD OF REVIEW

Idaho Code, Section 72–732 sets forth the standard of review to be applied in an appeal from a decision of the Industrial Commission to the Supreme Court. The Court may affirm or set aside such order or award, or may set it aside only upon any of the following grounds: (1) The commission's findings of fact are not based on any substantial competent evidence; (2) The commission has acted without jurisdiction or in excess of its powers; (3) The findings of fact, order or award were procured by fraud; (4) The findings of fact do not as a matter of law support the order or award.

## ANALYSIS

### I.

### THERE WAS SUBSTANTIAL EVIDENCE TO FIND CLAIMANT WAS AN EMPLOYEE

Whether an injured worker is an independent contractor or employee is a factual determination to be made on a case-by-case basis from full consideration of the facts and circumstances. *Olvera v. Del's Auto Body*, 118 Idaho 163, 795 P.2d 862 (1990); *Merrill v. Duffy Reed Const. Co.*, 82 Idaho 410, 353 P.2d 657 (1960). The ultimate question in finding an employment relationship is whether the employer assumes the right to control the times, manner and method of executing the work of the employee, as distinguished from the right merely to require definite results in conforming with the agreement. *Roman v. Horsley*, 120 Idaho 136, 137, 814 P.2d 36, 37 (1991); I.C. § 72–102(11), (16). Four factors are traditionally used in determining whether a "right to control" exists, including, (1) direct evidence of the right; (2) payment and method of pay-

ment; (3) furnishing major items of equipment; and (4) the right to terminate the employment relationship at will and without liability. The Commission must balance each of the elements present to determine the relative weight and importance of each, since none of the elements in itself is controlling. *Kiele v. Steve Henderson Logging,* 127 Idaho 681, 905 P.2d 82 (1995).

■ As a first step, we examine the existence of direct evidence of the right to control. The Commission found that Pocol generally controlled Stoica's work. Pocol trained Stoica to lay carpet, which Stoica had never done before, and picked up Stoica in his vehicle to drive to the carpet laying jobs or the remodeling jobs, although Stoica was allowed some degree of flexibility in his work hours. Pocol provided all of the tools for the work that was done; he directed when Stoica would work on the carpet laying job or work on the residential building projects; and he decided which particular tasks Stoica was to complete. The Commission found no disagreement in the parties' testimony that Pocol told Stoica step by step what he wanted done on the Woodland Court house, and Stoica performed the designated services in the order determined by Pocol. At all times, Stoica worked under the direction of Pocol or his wife, who maintained a record of the hours Stoica worked for pay purposes. Throughout 1994, 1995, 1996 and 1997, until Stoica was injured in August, Stoica worked exclusively for Pocol, completed assigned work as needed and was not hired for a specific result. *See Mortimer v. Riviera Apartments,* 122 Idaho 839, 840 P.2d 383 (1992).

Next, we consider the method of payment which in this case, the Commission found weighed in favor an independent contractor relationship. The evidence showed that Pocol paid Stoica $9.00 per hour for both the carpet laying and remodeling jobs and that payment was generally made every other week. Pocol sometimes paid Stoica in cash, but Stoica did not maintain records of those cash sums. There was no evidence that Stoica submitted bids or that Stoica was selected by Pocol to perform services over others based on proposed charges for individual projects. When Pocol paid Stoica, he did not withhold income or social security taxes from the wages. This method of payment has been deemed a factor in favor of independent contractor status, albeit not determinative. *Livingston v. Ireland Bank,* 128 Idaho 66, 69–70, 910 P.2d 738, 741–42 (1995).

As to the furnishing of major items of equipment, the Commission found that Stoica used tools provided by Pocol. He owned no tools of his own. This evidence satisfies the third factor of the right to control test.

Finally, the Commission considered evidence of the fourth factor of the right to control test, *i.e.,* the right to terminate the employment relationship at will and without liability. Stoica testified that he thought that Pocol could fire him at any time, therefore, he worked hard. Stoica also testified to knowledge of Pocol firing other Romanian workers in the past.

Three of the four "right to control" factors are relevant here. The ultimate fact as to whether Stoica was an employee or an independent contractor was for the Commission to decide. The Commission's determination of an employer-employee relationship in this case was based upon substantial and competent evidence. Accordingly, we will not disturb the Commission's determination.

## II.

## CLAIMANT'S EMPLOYMENT IS NOT EXEMPT FROM WORKERS COMPENSATION COVERAGE

■ Idaho Code § 72–212 sets forth exceptions from worker's compensation coverage, including casual employment, section (2), and employment which is not carried out by the employer for pecuniary gain, section (6). The burden is on the employer, after a worker establishes an employer-employee relationship, to prove that he is within an exception to coverage. *Backsen v. Blauser,* 95 Idaho 811, 520 P.2d 858 (1974). All exemptions within the worker's compensation scheme are construed narrowly. *Goodson v. L.W. Hult Produce Co.,* 97 Idaho 264, 266, 543 P.2d 167, 169 (1975).

## A. Claimant's employment was not casual employment.

■ The casual employment exemption under the Worker's Compensation Act includes only that employment which arises occasionally or incidentally or which comes at uncertain times or at irregular intervals. *Tuma v. Kosterman,* 106 Idaho 728, 682 P.2d 1275 (1984). The term "casual" applies to the employment and not to the employee, and the determination of whether employment is casual must be decided upon the facts of each case. *Manning v. Win Her Stables, Inc.,* 91 Idaho 549, 554, 428 P.2d 55, 60 (1967). Also reiterated in *Manning* is a more complete definition of the term "casual," which has been held to refer to employment "whose happening cannot be reasonably anticipated as certain or likely to occur or to become necessary or desirable and which *is not a usual concomitant of the business, trade or profession of the employer." Id.,citing Flynn v. Carson,* 42 Idaho 141, 243 P. 818 (1926) *(emphasis added)*.

■ The Commission considered whether Stoica's employment was casual. The Commission examined the facts, which reveal that in the four years immediately preceding Stoica's accident, Pocol purchased and remodeled at least one single residence, a duplex, and a triplex. Pocol sold two of these properties, including one that he and his family had lived in. The residential property where Stoica was injured was also sold, and at the time of the hearing, the newly built home into which Pocol had moved was also on the market. This evidence confirmed a pattern of buying property for the purpose of remodeling and selling the property at a profit in the future. The evidence also showed that Stoica had worked approximately thirty percent of the time on remodeling and construction jobs for Pocol.

The facts found by the Commission are supported by substantial, competent evidence that Stoica's employment at Pocol's residential properties was not work of an isolated character. From an examination of the record, it can be said that Pocol was engaged in a carpet laying business and also in the business of remodeling and building residential dwellings for sale, in which Pocol regularly and predictably employed Stoica. Therefore, we will not disturb the Commission's findings. We affirm the Commission on this issue—that Stoica's employment was not casual and not exempt from coverage under I.C. § 72–212(2).

## B. Claimant's employment was not within the "not for pecuniary gain" exception.

■ The "not for pecuniary gain" exemption of Section (6) of I.C. § 72–212 has been discussed in cases where the claimant was injured while engaged in work on the home or real property of the employer. The exemption was applied when the facts showed that the homeowner was not in the business of building, selling or renting houses and did not regularly employ others for business purposes. *Dewey v. Merrill,* 124 Idaho 201, 858 P.2d 740 (1993). The Court in another case applied the exemption to a businessman, who hired a worker to build a house for the owner's personal use, which did not contain an office of the business and was not for any business purpose. *Lynskey v. Lind,* 94 Idaho 788, 498 P.2d 1261 (1972). Pocol's situation is nevertheless distinguishable from both of these cases, even though Stoica was injured on property which was then serving as Pocol's primary residence, which Pocol claimed was not being built for pecuniary gain.

The evidence is clear, and the Commission so found, that Pocol regularly employed persons for the purpose of remodeling and building property, which he eventually turned over to increase his net worth. The Commission did not find credible Pocol's testimony that his intent was to remain in the Woodland Court home as his primary residence, which Pocol asserted was not being built for speculation. Pocol also sought to avoid liability for worker's compensation, claiming that it was not shown that he made a profit on the remodeling and home building projects. However, the Court has held that whether or not the employer was making a profit at the time the employee was injured is immaterial. *Dameron v. Yellowstone Trail Garage, Inc.,* 54 Idaho 646, 652, 34 P.2d 417, 419 (1934).

In keeping with the worker's compensation scheme, the employer's homebuilding enterprise is expected to bear the cost of the risk of injury to those such as Stoica who serve the business. Therefore, the employer, Pocol, is not exempt from providing worker's compensation coverage under I.C. § 72–212(6).

## III.

### ATTORNEY FEES

 Pursuant to I.C. § 72–210, if an employer fails to secure payment of compensation as required by this act, an injured employee entitled to compensation shall be awarded, in addition to compensation, an amount equal to ten percent of the total amount of compensation together with costs and reasonable attorney's fees if he has retained counsel. The injured claimant's employer, Pocol, did not carry worker's compensation insurance as required under I.C. § 72–301. Therefore, under I.C. § 72–210, we hold that Stoica is entitled to an award of costs and attorney fees before the Commission and on appeal. *See Jones v. Emmett Manor*, 134 Idaho 160, 997 P.2d 621 (2000); *Swenson v. Estate of Craner*, 117 Idaho 57, 785 P.2d 621 (1990).

### CONCLUSION

We affirm the decision of the Commission. Costs and attorney fees on appeal are awarded to Stoica.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN, concur.