IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 40087

GEFF STRINGER, )
 ) **Pocatello, August 2013 Term**
 **Claimant-Appellant,** )
 ) **2013 Opinion No. 125**
**v.** )
 ) **Filed: November 27, 2013**
**WILLIAM BRYAN ROBINSON, d/b/a** )
**HIGHMARK CONSTRUCTION, and** ) **Stephen W. Kenyon, Clerk**
**RUSSELL G. GRIFFETH, d/b/a TETON** )
**PHYSICAL THERAPY, P.A., Employer,** )
**and IDAHO STATE INSURANCE FUND,** )
**Surety,** )
 )
 **Defendants-Respondents.** )
_____

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is <u>affirmed</u>. Costs on appeal are awarded to Respondent.

Dennis R. Petersen, Idaho Falls, attorney for Appellant.

Steven Fuller, Preston, attorney for Respondents Griffeth and Idaho State Insurance Fund. Steven Fuller argued.

_____

W. JONES, Justice

## I. NATURE OF THE CASE

The Idaho Industrial Commission (the Commission) held that a statutory employer, Russell Griffeth, was not liable for payments under Idaho's worker's compensation law because the claimant, Geffary Stringer, fell within the "casual employment" exemption set forth in I.C. § 72-212(2). Stringer contests the Commission's application of the "casual employment" exemption, arguing statutory employers, unlike direct employers, are not subject to the "casual employment" exemption. We disagree and affirm the Commission's decision.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Griffeth, a licensed physical therapist, operates a clinic in Idaho Falls. Other than a brief job he held as a teenager, he has never been employed in the construction trade. He has received

no training as a contractor and was never licensed as a contractor. He did, however, act as a general contractor in the construction of his two homes in that he organized and supervised various subcontractors.

In early 2009, Griffeth decided to remodel his physical therapy clinic by constructing an addition to the existing building. Griffeth had no plans to remodel again in the future. Griffeth intended to be the general contractor for the project, but the city required a licensed commercial contractor. Consequently, Griffeth hired Bryan Robinson, a friend with construction experience, to serve as the general contractor. Robinson obtained a commercial contractor license for the project.

Near the end of the project, Robinson hired Stringer as a carpenter. Stringer installed trim on the addition to the clinic and also worked on beam placement in the addition's ceiling and attic. Stringer provided his own tool bag and hand tools while Robinson provided all other necessary tools, materials, and equipment. Robinson paid Stringer directly by cash or personal check and set Stringer's hours and wages. In total, Stringer worked on the project for about eleven or twelve days. During many of those days, Stringer also worked on other Robinson job sites unrelated to the clinic project.

As the clinic project neared completion, the construction workers used a hoist attached to the roof to move heavy beams into position in the attic. Unfortunately, on or near the last day of the project, the ceiling collapsed, and a beam fell on Stringer. The impact from the beam fractured Stringer's left ankle. At the time of the accident, Robinson did not have worker's compensation coverage.

Stringer filed worker's compensation complaints against both Robinson and Griffeth. Following an evidentiary hearing, the Commission held that Robinson was Stringer's direct employer and that Griffeth was his category one statutory employer.[1] Because Robinson did not pay worker's compensation benefits to Stringer, Griffeth, as the statutory employer, normally would be liable for such benefits. However, the Commission held that Griffeth was exempt from worker's compensation liability because Stringer's employment with Griffeth was "casual" under I.C. § 72-212(2). Stringer timely appealed to this Court. We affirm.

---

[1]There are two categories of statutory employers. A category one statutory employer includes "any person who has expressly or impliedly hired or contracted the services of another." *Fuhriman v. Idaho Dep't of Transp.*, 143 Idaho 800, 804–05, 153 P.3d 480, 484–85 (2007) (quoting I.C. § 72–102(13)(a)). A category two statutory employer "must be both the owner or lessee of the premises and the virtual proprietor or operator of the business there carried on." *Cordova v. Bonneville Cnty. Joint Sch. Dist. No. 93*, 144 Idaho 637, 641, 167 P.3d 774, 778 (2007).

### III. ISSUES ON APPEAL

1.    Is a statutory employer liable for worker's compensation payments when the claimant's employment falls within the "casual employment" exemption from worker's compensation coverage?

2.    Is Griffeth exempt from the worker's compensation insurance requirement because Stringer's employment was "casual"?

### IV. STANDARD OF REVIEW

This Court will disturb the Commission's findings of fact only if they are not supported by substantial and competent evidence, but we freely review its conclusions of law. *See Mazzone v. Tex. Roadhouse, Inc.*, 154 Idaho 750, 755, 302 P.3d 718, 723 (2013). We construe exemptions within the worker's compensation scheme narrowly. *Stoica v. Pocol*, 136 Idaho 661, 664, 39 P.3d 601, 604 (2001).

### V. ANALYSIS

**A.    A Statutory Employer Is Not Liable For Worker's Compensation Benefits If The Claimant's Employment Falls Within The "Casual Employment" Exemption From Worker's Compensation Coverage.**

The concept of a statutory employer is "designed to prevent an employer from avoiding liability under the workmen's compensation statutes by sub-contracting the work to others." *Venters v. Sorrento Del., Inc.*, 141 Idaho 245, 251, 108 P.3d 392, 398 (2005) (quoting *Spencer v. Allpress Logging, Inc.*, 134 Idaho 856, 860, 11 P.3d 475, 479 (2000)). "Thus, a statutory employer is anyone who, by contracting or subcontracting out services, is liable to pay worker's compensation benefits if the direct employer does not pay those benefits." *Robison v. Bateman-Hall, Inc.*, 139 Idaho 207, 210–11, 76 P.3d 951, 954–55 (2003) (citing I.C. § 72-216(1), (2)).

The Legislature carved out an exemption from worker's compensation liability, however, for "casual employment." I.C. § 72-212(2). If the employment is "casual," the employer is not liable for worker's compensation payments to the employee. *Id.* This "casual employment" exemption applies with equal force to statutory employers and direct employers. This is so because the liability of statutory employers is completely determined by the liability of direct employers. Under I.C. § 72-216(1), a statutory employer is liable for compensation "in any case where such employer would have been liable for compensation if such employee had been working directly for such employer." I.C. § 72-216(1). Put another way, a statutory employer is liable to his employee only to the extent that a direct employer would have been liable to the same employee. Conversely, if the direct employer is exempt, the statutory employer also is

3

exempt because the statutory employer's liability is contingent on the direct employer's liability. To find otherwise, as Stringer contends, is contrary the clear language of I.C. § 72-216(1).

Here, the Commission held Griffeth was Stringer's statutory employer. Neither party contests this holding. Therefore, Griffeth is liable unless Stringer's employment falls under the "casual employment" exemption.

**B.      Griffeth Is Exempt From Worker's Compensation Liability Because Stringer's Employment Was "Casual."**

Although I.C. § 72-212(2) does not define the term "casual employment," *Anderson v. Gailey*, 97 Idaho 813, 820, 555 P.2d 144, 151 (1976), we have delineated the concept through our case law. In *Stoica v. Pocol* we stated, "The term 'casual' applies to the employment and not to the employee, and the determination of whether employment is casual must be decided upon the facts of each case." 136 Idaho 661, 665, 39 P.3d 601, 605 (2001) (citing *Manning v. Win Her Stables, Inc.*, 91 Idaho 549, 554, 428 P.2d 55, 60 (1967)). We have described casual employment as "includ[ing] only that employment which arises occasionally or incidentally or which comes at uncertain times or at irregular intervals." *Id.* (citing *Tuma v. Kosterman*, 106 Idaho 728, 682 P.2d 1275 (1984)). Similarly, we have held "casual" referred to "employment 'whose happening cannot be reasonably anticipated as certain or likely to occur or to become necessary or desirable and which *is not a usual concomitant of the business, trade or profession of the employer*.'" *Id.* (citing *Manning*, 91 Idaho at 554, 428 P.2d at 60). We have used essentially this same concept of casual employment over the course of many decades. *See Wachtler v. Calnon*, 90 Idaho 468, 472, 413 P.2d 449, 450 (1966) (collecting cases).

Applying our definition, Stringer's employment with Griffeth was undoubtedly casual. First, no one expected Stringer to work on the clinic long-term. In total, Stringer worked on the project for about eleven or twelve days, with about six or seven of those days including some beam placement work. Second, no one expected Stringer to work on the clinic again. In fact, Robinson told Stringer that he would try to arrange for unrelated work for Stringer after the clinic project's completion. Third, Stringer's payment was not typical of a permanent or regular employee. For both the trim and beam placement work, Stringer was paid by Robinson in cash or by personal check without any tax withholding. Fourth, although Griffeth once expressed some dissatisfaction with Stringer's work, Robinson maintained primary control over Stringer's employment. Robinson hired Stringer, set his work hours, directed him to the clinic and unrelated job sites, and provided him with the necessary tools, materials, and equipment.

4

Moreover, Robinson instructed Stringer on the beam placement work, including on the day of Stringer's injury. Finally, Griffeth was in the physical therapy profession, not the construction trade. He had no plans to remodel the clinic in the future. In sum, this Court finds that substantial and competent evidence supports the Commission's decision that Stringer's employment as a statutory employee of Griffeth was casual. *See, e.g.*, *Larson v. Bonneville Pac. Servs. Co.*, 117 Idaho 988, 990, 793 P.2d 220, 222 (1990) (held employment was casual when a company hired a laborer for a one-time, two-to-three week long project outside the company's regular line of business with no plans for another project in the future); *Orr v. Boise Cold Storage Co.*, 52 Idaho 151, 12 P.2d 270, 270 (1932) (held employment was casual when an ice storage company hired a carpenter for a one-time, ten-day building repair project).

Although we have followed a similar definition of casual employment for nearly a century, Stringer asks us to ignore our definition. His justification is that the casual employment exemption as applied to statutory employers would insulate all statutory employers from worker's compensation liability. In turn, this subverts the Legislature's goal of compensating injured employees of subcontractors who fail to pay worker's compensation benefits. Yet, as we discussed above, we are not at liberty to disregard the plain language of the Idaho Code and eliminate the casual employment exemption for statutory employers. *See Grazer v. Jones*, 154 Idaho 58, 66–67, 294 P.3d 184, 192–93 (2013). Only our Legislature has that power.

## VI. CONCLUSION

We affirm the Commission's decision. Neither party requested attorney's fees on appeal. Costs on appeal are awarded to Respondents.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON, CONCUR.